IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| **ANTHONY GODEAUX,** § | **CIVIL ACTION NUMBER:** | |
| § | **6:19-cv-01110** | |
| **Plaintiff** § | | |
| § | | |
| v. § | **JUDGE:** | |
| § | | |
| § | | |
| **UNITED OF OMAHA,** § | | |
| § | **MAGISTRATE:** | |
| **Defendant.** § | | |

**NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to 28 U.S.C. §§1331, 1332, 1441 and 1446, Defendant United of Omaha Life Insurance Company (hereinafter "United of Omaha" or "Defendant") files this notice of removal and respectfully shows as follows:

**I.      Procedural Background**

1.      United of Omaha is party to an action commenced against it by Plaintiff Anthony Godeaux in the 13th Judicial District Court of Evangeline Parish, Louisiana, captioned as Docket No. 78335-A; *Anthony Godeaux versus United of Omaha* (the "State Action"). True copies of all process, pleadings, and orders served on Defendant in the State Action are attached hereto as Exhibit A, along with an index of same.

2.      Plaintiff served United of Omaha with Plaintiff's Petition for Benefits Due in the State Action (the "Petition") by serving the Secretary of State for the State of Louisiana on August 8, 2019. Thus, this Notice of Removal is timely filed.

## II.     Federal Question Jurisdiction

3. This Court has federal question jurisdiction over this litigation, because all claims alleged against Defendant in the State Action are ones exclusively governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.*, as amended ("ERISA").

4. In the Petition, Plaintiff seeks benefits allegedly due under a short term and long-term disability benefits policies issued by United of Omaha to Plaintiff's employer, Irongate Energy Services, LLC dba Allis-Chalmers Energy, Inc., for the benefit of its employees (the "Policies"). *See* Petition at 1, ¶6 ("Defendant, UNITED OF OMAHA, issued a policies of short-term and long-term disability that covered the employees of Irongate Energy Services, LLC and provided benefits to employees in the event an employee becomes disabled from work."). A true and correct copy of the Policies attached hereto as Exhibit B.

5. The Policies funded short term and long term disability benefits under the group disability plan of Irongate Energy Services, LLC dba Allis-Chalmers Energy, Inc. (the "Plan"), which is or was a qualified "employee welfare benefit plan" as that term is defined by Section 3(1) of ERISA. *See also* Exhibit B at GODEAUX-000001, 42, 43, 1236, 1270-1272.

6. Because the claims in the Petition are claims to recover benefits and to enforce Plaintiff's rights under the Plan, the relief sought is available exclusively under ERISA Section 502. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60-66 (1987). It is well-settled that Congress has so completely preempted the area of ERISA law that any civil complaint arising in that area, even if it pleads state law claims only, "is necessarily federal in character." *Metropolitan Life*, 481 U.S. at 63-64; *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003); *Boren v. N.I. Industries, Inc.*, 889 F.2d 1463, 1465 (5th Cir. 1989). Therefore, the claims plead in the Petition are completely preempted by ERISA.

7. For the reasons detailed above, the claims plead in Plaintiff's Petition are ones over which this Court has original jurisdiction pursuant to 28 U.S.C. §1331. In addition, this Court has supplemental and pendant jurisdiction over the state claims in the Petition, if any.

8. Accordingly, this matter may properly be removed by United of Omaha to the United States District Court for the Western District of Louisiana, Lafayette Division.

### III. Diversity Jurisdiction

9. Furthermore, removal is proper as there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §1332(a).

#### A. There is Complete Diversity of Parties.

10. Plaintiff Anthony Godeaux is now, and was at the time the State Action was filed, a citizen and resident of Evangeline Parish, Louisiana. *See* Petition at 1 (describing Plaintiff as "a person of the full age of majority and resident of Evangeline Parish, Louisiana[.]").

11. Defendant United of Omaha is now, and was at the time the State Action was filed, a Nebraska corporation with its principal place of business in Omaha, Nebraska. Plaintiff does not dispute this in his Petition. *See* Petition at 1, ¶2 ("Made Defendant herein is UNITED OF OMAHA LIFE INSURANCE COMPANY ('UNITED OF OMAHA'), a foreign insurance company which can be served through the Louisiana Secretary of State."). As such, United of Omaha is a citizen of the State of Nebraska, diverse from Plaintiff, and was so at the time the state action was filed.

#### B. The Amount in Controversy is in Excess of the Jurisdictional Minimum.

12. The facts alleged in Plaintiff's Petition due demonstrate by a preponderance of the evidence that Plaintiffs' claim exceeds $75,000. Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds

$75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount." *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002).

13.     In the Petition, Plaintiff alleges he is entitled to payment of benefits in connection with his claims of disability. *See* Petition at 1-2, ¶¶5-7 (alleging Plaintiff is "disabled from work due to his cervical injuries and psychological injuries" due to a work-related accident and asserting he is entitled to benefits under "policies of short-term and long-term disability [insurance] that covered the employees of Irongate Energy Services, LLC" allegedly issued by United of Omaha); *see also id.* at ¶9 (alleging United of Omaha "failed to adequately, fairly, promptly, and/or properly evaluate, adjust, and/or pay the damage claims of [Plaintiff] […] and is therefore, liable for both payment of claims as well as any and all bad faith damages and attorney fees, pursuant to La. R.S. 22:1821,[1] 1892[2] and 1973.[3]"). The amounts claimed by Plaintiff, as well as the penalties he seeks, are in excess of $75,000, although United of Omaha denies he is entitled to recovery of the same under any legal theory.

14.     Additionally, statutory attorney's fees, and interest "must be included in calculating the amount in controversy" for the purpose of diversity jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998). Thus, although United of Omaha denies that

---

[1] When an insurer is found to have wrongfully delayed payment of benefits owed under a health and accident policy, it may be liable for a penalty "of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney's fees to be determined by the court." La. Rev. Stat. Ann. §22:1821(A).

[2] When a plaintiff proves an insurer failed to pay benefits under an insurance policy other than life and health and accident within thirty days after receipt of satisfactory written proofs, the insurer may be subject to "a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured[.]" La. Rev. Stat. Ann. §22:1892 (B)(1).

[3] If a plaintiff shows an insurer breached its duty of good faith, he may be awarded "penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." La. Rev. Stat. Ann. §22:1973 (C).

Plaintiff is entitled to such relief, it is apparent from the face of Plaintiff's Petition that his claim exceeds $75,000 for purposes of diversity jurisdiction. Therefore, because Plaintiff's claim for damages potentially exceeds the jurisdictional amount, this Court may exercise diversity jurisdiction over this case.

15. The Fifth Circuit has instructed trial courts to accept diversity jurisdiction unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995) (emphasis added, citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Where, as here, a case is one that has been removed from state court, the removing party may establish the amount in controversy in either of two ways: "(1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000 or (2) by setting forth the facts in controversy, preferably in the removal petition … that support a finding of the requisite amount." *See Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). Therefore, this matter is properly removed by United of Omaha to the United States District Court for the Western District of Louisiana, Lafayette Division.

**IV.    Notice Given**

16. United of Omaha has given notice of this Removal to Plaintiff and to the 13th Judicial District Court of Evangeline Parish, Louisiana.

WHEREFORE, Defendant United of Omaha Life Insurance Company prays that this action be removed to the United States District Court for the Western District of Louisiana, Lafayette Division, from the 13th Judicial District Court of Evangeline Parish, Louisiana.

-6-

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP**

By: */s/ Kristie E. Johnson*
Kristie E. Johnson
Louisiana Bar No. 25041
Kristie.Johnson@WilsonElser.com
650 Poydras Street, Suite 220
New Orleans, Louisiana 70130
Telephone: 504-702-1710
Telecopy: 504-702-1715

**ATTORNEYS FOR DEFENDANT
UNITED OF OMAHA LIFE INSURANCE COMPANY**

2780285v.1

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing instrument was delivered to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 23rd day of August, 2019.

*Via e-service*
Donovan J. O'Pry
John P. Barron
**O'PRY LAW FIRM, LLC**
2014 W. Pinhook Road, Suite 507
Lafayette, Louisiana 70508

               */s/ Kristie E. Johnson*_____
               Kristie E. Johnson